IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TRAVIS C. MOSELY, # 225852,     )
                                )
        Petitioner,             )
                                )          CIVIL ACTION NO.
        v.                      )          2:17-CV-418-ECM-JTA
                                )              [WO]
DEWAYNE ESTES, *et al.,*        )
                                )
        Respondents.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Alabama inmate Travis C. Mosely's petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. 1.[1]  After careful review, the court finds that Mosely's petition should be denied.

## I.   BACKGROUND

In July 2015, an Autauga County grand jury returned an indictment charging Mosely with robbery in the first degree, in violation of § 13A-6-8(a)(1), Ala. Code 1975.  The case came to trial on September 30, 2015.  The Alabama Court of Criminal Appeals summarized the State's evidence as follows:

> Faye Pickett worked at a Petro Mart (hereinafter "the store") in Prattville.
> On the night of the offense, a man entered the store as she was icing down
> beer.  When she walked toward the front counter, she heard the man say
> "Give me all the money."  She stopped, said, "Excuse me," and felt

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

something that she believed to be a knife poke her in her side.  He repeated his demand and she ran out of the store.  She approached a couple, sitting in a car in the store's parking lot, who had just been in the store; she was screaming for help.  The man came out of the store, told her that he was not going to hurt her and ran across the street to a small, four-door, burgundy car in a hospital's parking lot.  He got into the passenger's seat and the car took off.  Pickett told the couple to call the police because the man had tried to rob her.  The couple, Christopher Boutwell and his girlfriend, attempted to follow the burgundy car and called the police.  Boutwell stated that they lost the car in a nearby neighborhood.  Police officers on patrol quickly spotted the burgundy car and pulled it over, apprehending Mosely, who was the driver, and Jermaine Agee, who was in the passenger's seat.

One of the patrol officers testified that Mosely stated that he did not know the passenger.  According to the officer, Mosely stated that he was driving from downtown Prattville and stopped to give the passenger a ride.  The officers drove to the store with Mosely and Agee, where Pickett identified Agee as the man who had robbed her.  Boutwell and his girlfriend also identified Agee as the man who had come out of the store, run across the street, and jumped into the car that he followed.  A witness who was in the hospital's parking lot also witnessed Pickett run out of the store, screaming, and saw the man hurry across the street to the hospital parking lot and jump into a car.  He watched as the car left going the wrong way out of the parking lot.  He called the police and told them what he had seen.  No witness was able to identify the driver as he had remained in the car.

The police officer who arrived at the store just prior to the identification, processed the scene.  He found a knife in the store's parking lot and retrieved the security footage from the store's surveillance system.

Agee, who, at the time of trial, had already been convicted of the robbery, testified and admitted his participation in the robbery.  He further indicated that at the time of the offense, he had known Mosely for a year or two.  That night, Agee was riding a bike when he saw Mosely and asked for a ride.  Agee testified that he asked Mosely to take him to the store and told him that he wanted to rob it.  Mosely told Agee that he was not going to go with him, but would wait across the street in the car.

Agee testified that, while he and Mosely were in jail, Mosely asked him to sign a statement, that was not written by Agee, indicating that: "In concern of Travis Mosely, I, Jermaine Agee, submit myself to the mercy of the Court to whom it may [be] certain that Travis Mosely did not have any knowledge of committing an act or involvement in violating a particular code

> section robbery in the first degree."  The statement was signed by Mosely, Agee, and a third party who Agee did not know.  Agee testified that the statement was a plan to keep Mosely out of trouble, but he stated that his testimony at trial was the truth.
>
> Following the offense, Mosely gave several conflicting stories to the police and, in one of them, admitted that he took Agee to the store.  He never, however, admitted to any participation.

Doc. 7-5 at 1–3.

On September 30, 2015, the jury returned a verdict finding Mosely guilty of robbery in the first degree as charged in the indictment.  On October 28, 2015, the trial court sentenced Mosely to life in prison without the possibility of parole pursuant to Alabama's Habitual Felony Offender Act.

Mosely appealed, arguing that the trial court erred in denying his motion for a judgment of acquittal based on the State's failure to present sufficient corroborative evidence supporting the accomplice testimony against him, as required by § 12-21-222, Ala. Code 1975.  Doc. 7-3 at 7, 13–21.

On April 22, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Mosely's conviction and sentence.  Doc. 7-5.  Mosely applied for rehearing, which the Alabama Court of Criminal Appeals overruled on May 13, 2016. Docs. 7-6, 7-7.  Mosely filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on June 10, 2016.  Docs. 7-8, 7-9.  A certificate of judgment was issued on that date.  Doc. 7-10.

Mosely did not file a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.

On June 26, 2017, Mosely initiated this habeas action by filing a § 2254 petition[2] asserting claims that (1) the State failed to present sufficient corroborative evidence supporting the accomplice testimony against him; (2) he received ineffective assistance of appellate counsel; and (3) his sentence of life without the possibility of parole violates his right to due process under the Fifth and Fourteen Amendments, and constitutes cruel and unusual punishment in violation of the Eighth Amendment.  Doc. 1 at 4–6, 12, 14–20.  On March 4, 2019, Mosely filed an amendment to his § 2254 petition adding numerous claims of trial error and ineffective assistance of trial and appellate counsel.  Doc. 25.

## II.   DISCUSSION

### A.   AEDPA's Standard of Review for Clams Adjudicated on Merits

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief."  *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. 2010).  The AEDPA modified the federal courts' role in reviewing state prisoner habeas applications to prevent "federal habeas 'retrials'" and to ensure that state court convictions are given effect to the extent possible under law.  *Bell v. Cone*, 535 U.S. 685, 693 (2002).  For claims adjudicated on the merits by the state courts and properly before the federal court, a writ of habeas corpus shall be granted only if the state court:

---

[2] Although the petition was date-stamped as received in this court on June 30, 2017, Mosely represents that he executed the petition on June 26, 2017.  Under the prison mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing, presumptively the date on which it was signed.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal law under § 2254(d)(1) "if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts." *Bell*, 535 U.S. at 694. Under the "unreasonable application" standard, this court may grant a writ only if the state court identified the correct governing federal legal principle but applied that principle to the facts of a petitioner's case in an objectively unreasonable way. *See Williams v. Taylor*, 529 U.S. 362, 411–13 (2000) (O'Connor, J., delivering the opinion of the Court regarding Part II). "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter,* 562 U.S. 86, 102 (2011).

The Supreme Court has reemphasized this deferential standard, holding that "[t]he state court decision must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (citation omitted). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011).

As for the "unreasonable determination of the facts" prong under § 2254(d)(2), the federal court "may not characterize these state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" *Brumfield v. Cain,* 135 S. Ct. 2269, 2277 (2015) (citation omitted). "If [r]easonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's . . . determination." *Id.* (quotation marks and citations omitted). Factual-issue determinations made by a state court are presumed correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## B.   Claim Adjudicated in State Court: Sufficiency of Corroborative Evidence

Mosely claims that the State failed to present sufficient corroborative evidence supporting the accomplice testimony at trial. Doc. 1 at 14–16.

Mosely raised this claim in the trial court, in a motion for judgment of acquittal, and then pursued the claim on direct appeal, where he argued that the trial court erred in denying his motion for judgment of acquittal based on the State's failure to present sufficient corroborative evidence supporting the accomplice testimony that Jermaine Agee

presented against him, as required by § 12-21-222, Ala. Code 1975.[3]  *See* Doc. 7-3 at 7,

13–21.  Section 12-21-222 provides:

> A conviction of felony cannot be had on the testimony of an accomplice
> unless corroborated by other evidence tending to connect the defendant with
> the commission of the offense, and such corroborative evidence, if it merely
> shows the commission of the offense or the circumstances thereof, is not
> sufficient.

Ala. Code § 12-21-222 (1975).

In addressing this issue in Mosely's direct appeal, the Alabama Court of Criminal

Appeals first summarized the State's evidence (*see* Part I of Recommendation) and

discussed Alabama case law on accomplice corroboration, then stated:

> Here, there was sufficient evidence, apart from Agee's testimony, to
> tie Mosely to the robbery.  Mosely gave false statements to police, but
> eventually admitted that he drove Agee to the store.  Shortly after the offense,
> it was determined that Mosely was driving the car that witnesses saw Agee
> jumping into following the robbery.  A witness saw the car speed away,
> traveling in an illegal direction.  Two other witnesses followed the car.  The
> police who responded to the BOLO (be on the lookout) call stopped the car
> within five minutes of the offense with Mosely and Agee inside the car.

> This circumstantial evidence was sufficient to connect Mosely to the
> offense.  "'[C]orroborative evidence need not be strong, nor sufficient of
> itself to support a conviction, the criterion being that it legitimately tend to
> connect the accused with the offense.'"  *Jackson v. State*, 451 So. 2d 435,
> 437 (Ala. Crim. App. 1984).

> The circuit court did not err in denying Mosely's motion for a
> judgment of acquittal.

---

[3] In the motion for judgment of acquittal made at the close of the State's evidence, Mosely's trial
counsel did not set forth specific arguments in support of the motion, but instead stated only, "I
will make the usual motion for judgment of acquittal."  Doc. 7-2 at 10.  It appears that the Alabama
Court of Criminal Appeals considered trial counsel's motion sufficient to preserve the issue argued
by Mosely on direct appeal, as the appellate court addressed the issue on the merits.

Doc. 7-5 at 7.

A conviction without evidence from which a rational trier could have found the essential elements of the offense beyond a reasonable doubt violates the Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  In performing an analysis under *Jackson,* a court looks to state law to determine the elements of the offense, but the minimum evidence required to meet due process standards as it relates to proving those elements is a matter of federal law.  *Coleman v. Johnson*, 566 U.S. 650, 655 (2012).  However, Mosely presented his insufficiency-of-the-evidence argument to the Alabama Court of Criminal Appeals in terms of whether, under § 12-21-222, there was sufficient evidence corroborating the testimony of Agee to sustain his conviction.  *See* Doc. 7-3 at 7, 13–21.  This court may not grant habeas corpus relief for violations of state law.  *See Preston v. Secretary, Fla. DOC*, 785 F.3d 449, 458–59 (11th Cir. 2015) (defendant failed, for purposes of exhaustion requirement under § 2254(b), to give fair notice to the Florida state courts that his insufficiency-of-the-evidence claim was based on federal due process principles where he only cited state-law cases and did not cite the United States Constitution or rely on federal case law).  Nowhere in his arguments to the state appellate court did Mosely refer to "due process," and particularly not as it relates to the federal constitution or federal due process rights under *Jackson*.[4]

[4] Respondents argue, among other things, that this claim, as presented in Mosely's § 2254 petition, was not exhausted in state court, and is therefore procedurally defaulted, because, Respondents say, Mosely frames the claim as a federal constitutional/due process issue in his § 2254 petition after having presented it only as an Alabama state law issue regarding accomplice corroboration in the Alabama Court of Criminal Appeals.  *See* Doc. 7 at 2–7.  However, upon consideration of

Even if Mosely could establish that he raised a federal due process challenge in state court, he fails to show that the Alabama court's determination concerning the trial evidence was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, or . . . based on an unreasonable determination of the facts in light of the evidence presented in state court." *See Dunn v. Madison*, 138 S. Ct. 9, 11 (2017). Federal law has no requirement that accomplice testimony be corroborated; thus Mosely's challenge to the sufficiency of the evidence on this ground does not support a grant of habeas relief. *See e.g., Craig v. Singletary*, 127 F.3d 1030, 1044 (11th Cir. 1997); *Taylor v. Dunn*, 2018 WL 575670, at \*60 n.107 (S.D. Ala. 2018) (the federal constitution has no such requirement; therefore, this line of argument is unavailing for § 2254 purposes) (citing *Hallford v. Culliver*, 379 F. Supp. 2d 1232, 1278 (M.D. Ala. 2004) ("The short legal answer to this claim is that there is no constitutional requirement that the testimony of an accomplice-witness be corroborated.")). Thus, even if the Alabama Court of Criminal Appeals was simply wrong in its determination that Agee's testimony was sufficiently corroborated under state law (and this court does not make such a finding regarding the state court's determination), this provides no basis for federal habeas relief.

---

the argument in Mosely's § 2254 petition, this court finds that Mosely pursues this claim in his petition as the same state law/accomplice corroboration issue he presented to the Alabama Court of Criminal Appeals. If Mosely had presented this claim as a federal constitutional/due process issue in his § 2254 petition, this court would agree with Respondents that such a claim would be unexhausted and procedurally defaulted.

Moreover, the Alabama Court of Criminal Appeals' determination that the corroborative evidence was legally sufficient to sustain Mosely's conviction "is entitled to considerable deference" under 28 U.S.C. § 2254(d).  *See Coleman*, 566 U.S. at 656; *Preston*, 785 F.3d at 463 & n.10.  Mosely provides no federal authority to support a finding that the decision of the state appellate court is "contrary to" federal law, or that federal law was unreasonably applied by that court.  *See* 28 U.S.C. § 2254(d)(1).  An unreasonable application of federal law must be "objectively unreasonable, not merely wrong; even clear error will not suffice."  *White v. Woodall*, 572 U.S. 415, 419 (2014) (citations omitted). Mosely has not pled specific allegations to establish that any relevant factual determinations reached by the state courts, which are presumed correct, 28 U.S.C. § 2254(e)(1), are unreasonable for purposes of 28 U.S.C. § 2254(d)(2).

For the reasons set forth above, Mosely is not entitled to federal habeas relief on this claim.

## C.   Procedurally Defaulted Claims

In his § 2254 petition, Mosely also asserts claims that (1) he received ineffective assistance of appellate counsel (Doc. 1 at 16–20), and (2) his sentence of life without the possibility of parole violates his right to due process under the Fifth and Fourteenth Amendments, and constitutes cruel and unusual punishment in violation of the Eighth Amendment (*id.* at 12, 20).  Respondents argue that these claims are unexhausted and procedurally defaulted for purposes of federal habeas review.  *See* Doc. 7 at 8–10.

### 1. *Exhaustion*

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 & 40.  The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2.   *Mosely's Claims Are Unexhausted and Procedurally Defaulted.*

#### a.   Ineffective Assistance of Appellate Counsel

Regarding Mosely's claim that he received ineffective assistance of appellate counsel, Respondents correctly observe that this claim was never presented to a state court for review, and, as such, this claim is unexhausted.  Doc. 7 at 8.  Respondents further correctly observe that Mosely may no longer return to the state courts to exhaust this claim, because, by the time he filed his § 2254 petition, any attempt by Mosely to present this claim in an Alabama Rule 32 petition (where a claim of this nature would ordinarily be properly raised) would have been time-barred under the one-year limitation period in Ala. R. Crim. P. 32.2(c).  *Id.*  Thus, the exhaustion and preclusion rules coalesce into the procedural default of this claim.  *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

#### b.   Sentencing: Due Process Violation and Cruel and Unusual Punishment

Regarding Mosely's claim that his sentence of life without the possibility of parole violates his right to due process under the Fifth and Fourteenth Amendments, and constitutes cruel and unusual punishment in violation of the Eighth Amendment, Respondents correctly observe that this claim was not presented to any state court for

review, and, as such, this claim is unexhausted.[5]  Doc. 7 at 9.  Respondents further correctly

observe that Mosely may no longer return to the state courts to exhaust this claim.  *Id.*  The

time to raise this claim in any state court proceeding—whether in the trial court, on direct

appeal, or in a postconviction petition—has long since expired.  Therefore, the exhaustion

and preclusion rules coalesce into the procedural default of this claim.  *Coleman*, 501 U.S.

at 735 n.1; *Henderson*, 353 F.3d at 891.

### 3.    *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause

for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or

establishing a "fundamental miscarriage of justice," which requires a colorable showing of

actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).

Cause for a procedural default must ordinarily turn on whether the petitioner can

show that some objective factor external to the defense impeded efforts to comply with the

state's procedural rules.  *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152,

170 (1982).  Examples of such external impediments include a factual or legal basis for a

claim that was not reasonably available, interference with the defense by government

officials, or constitutionally ineffective assistance of counsel.  *Murray,* 477 U.S. at 488.

To establish prejudice, a petitioner must show that the errors worked to his "actual and

---

[5] Arguably, Mosely abandons the due process aspect of his claim regarding his sentence.  Although
he initially alleges a due process violation as well as cruel and unusual punishment in his sentence
when listing his claims (*see* Doc. 1 at 12), he does not mention due process in the argument portion
of his petition regarding this claim (*see id.* at 20).

substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

### a.   Cause and Prejudice

Mosely does not attempt to assert any ground as cause excusing the procedural default of his ineffective-assistance-of-appellate-counsel claim or his due process/cruel-and-unusual-punishment claim. Consequently, the "cause and prejudice" exception does not apply to excuse Mosely's procedural default of these claims.[6]

### b.   Actual Innocence

A colorable showing of actual innocence may also provide a gateway to review of an otherwise procedurally barred claim. *See House v. Bell*, 547 U.S. 518, 538 (2006); *Frady*, 456 U.S. at 167–68. "'[A]ctual innocence' means factual innocence, not mere legal

---

[6] The narrow exception created by *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), does not apply to establish "cause" for the default of any claim asserted by Mosely. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez,* 562 U.S. at 17. Mosely filed no Alabama Rule 32 petition. The *Martinez* analysis is inapplicable where a criminal defendant, like Mosely, initiates no state collateral-review proceeding whatsoever. *See Gonzalez v. Decatur, Alabama,* 2019 WL 4509845, at *4–5 (N.D. Ala. 2019) (citing *Jones v. Penn. Bd. of Prob. & Parole*, 492 F. App'x. 242, 246–47 (3d Cir. 2012)). Moreover, Mosely alleges ineffective assistance by his appellate counsel. The *Martinez* rule does not extend to claims of ineffective assistance of appellate counsel.

insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).  "[This] standard is demanding and permits review only in the 'extraordinary' case."  *House*, 547 U.S. at 538.  The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Mosely makes only a conclusory claim of his actual innocence by which he points to no new reliable evidence of his factual innocence.  *See* Doc. 1 at 11, 14–16.  At best, his claim of innocence amounts to rearguing and reinterpretation of the trial evidence which he asserts did not support his conviction.  Allegations regarding the sufficiency of and/or weight afforded the trial evidence do not constitute "new reliable evidence" of a petitioner's actual innocence.  *See Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. 2012).  Because, Mosely points to no new reliable evidence to support his bare assertion of actual innocence, the actual-innocence exception provides no gateway to review of his procedurally defaulted claims.

**D.   Claims in Amendment to § 2254 Petition**

In his March 4, 2019 amendment to his § 2254 petition, Mosely raised claims that (1) his rights to due process and equal protection were violated because he was falsely arrested; (2) his rights under the Eighth Amendment were violated because the Circuit and District Courts of Autauga County set excessive bond for his pretrial release; (3) his rights

to due process and protection against double jeopardy were violated because he was charged with and convicted of the same offense his codefendant pled guilty to; (4) he received ineffective assistance of trial counsel because his lawyer (a) arrived late for his preliminary hearing, (b) waived the preliminary hearing, (c) did not challenge false documents produced by the State to establish probable cause, (d) did not make an opening statement at trial, (e) did not cross-examine crucial State witnesses, (f) did not present a meritorious defense; (g) did not challenge false documents submitted by the State at trial, (h) did not make a closing argument, and (i) did not argue that his pretrial counsel was ineffective; (5) he received ineffective assistance of appellate counsel because his lawyer on appeal (a) did not adequately review his case and thus did not raise "various" issues on appeal, and (b) did not argue that his trial counsel was ineffective.  Doc. 25.  Respondents argue that these claims are time-barred or procedurally defaulted and are not subject to review on the merits.  *See* Doc. 28.

### 1.  *AEDPA's Limitation Period*

Title 28 U.S.C. § 2244(d) of the AEDPA provides the statute of limitations for federal habeas petitions and states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Mosely applied for rehearing in the Alabama Court of Criminal Appeals after that court affirmed his conviction on direct appeal and thereafter filed a timely petition for certiorari in the Alabama Supreme Court, he was allowed 90 days after the state court's June 10, 2016 issuance of a certificate of judgment to seek certiorari review in the United States Supreme Court. *See Stafford v. Thompson*, 328 F.3d 1302, 1303 (11th Cir. 2003). Mosely filed no petition for writ of certiorari in the United States Supreme Court. Therefore, for purposes of AEDPA, his judgment of conviction became final on September 8, 2016 (i.e., 90 days after June 10, 2016). *See* 28 U.S.C. § 2244(a)(1)(A). Thus, Mosely had until September 8, 2017, to assert timely claims for federal habeas relief. Mosely filed his § 2254 petition on June 26, 2017. That petition was timely filed. However, Mosely

filed his amendment on March 4, 2019—over 18 months after expiration of AEDPA's limitation period.[7]

### 2. *Relation Back*

The Federal Rules of Civil Procedure provide for the relation back of amendments filed after the running of a period of limitation in certain circumstances. Rule 15(c) of the Federal Rules of Civil Procedure provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *See* Fed. R. Civ. P. 15(c)(2). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). However, "Congress did not intend Rule 15(c) to be so broad as to allow an amended pleading to add an entirely new claim based on a different set of facts." *Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001). "[T]he untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. Instead, in order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Davenport*, 217 F.3d at 1344 (citations omitted).

---

[7] Mosely does not argue that the statute of limitations applicable to the claims in his amendment is supplied by the provisions of § 2244(d)(1)(B)–(D).

In his original, timely filed § 2254 petition, Mosely raised three claims: (1) the State failed to present sufficient corroborative evidence supporting the accomplice testimony against him; (2) he received ineffective assistance of appellate counsel; and (3) his sentence of life without the possibility of parole violates his due process right under the Fifth and Fourteenth Amendments, and constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See* Doc. 1 at 4–6, 14–20. Upon review and comparison of these claims and the claims asserted in Mosely's amendment, the court finds that only the following claims in Mosely's amendment relate back to a claim in the original § 2254 petition: trial counsel was ineffective for (1) arriving late for the preliminary hearing, (2) waiving the preliminary hearing, (3) failing to challenge false documents produced by the State to establish probable cause, and (4) failing to make a closing argument. Each of these allegations of ineffective assistance of trial counsel in Mosely's amendment was an asserted basis for Mosely's claim in his original petition that he received ineffective assistance of appellate counsel, where Mosely alleged that his appellate counsel was ineffective for failing to raise these particular allegations of ineffective assistance of trial counsel. All other claims in Mosely's amendment fail to relate back to any claim in Mosely's timely petition and are therefore time-barred under AEDPA's one-year limitation period.[8]

---

[8] Mosely presents no argument for the application of equitable tolling to the untimely claims in his amendment. Equitable tolling or AEDP's limitation period is appropriate only when a petitioner has untimely filed his claims because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th

However, even the claims in Mosely's amendment that relate back to a timely claim in his original petition are to no avail.  None of Mosely's claims of ineffective assistance of counsel (either his trial counsel or his appellate counsel) were raised in the state courts. As such, all of Mosely's ineffective-assistance-of-counsel claims are unexhausted.  And Mosely may not return to the state courts to exhaust these claims, because, by the time he filed his § 2254 petition, any attempt on his part to present the claims in an Alabama Rule 32 petition would have been time-barred under the one-year limitation period in Ala. R. Crim. P. 32.2(c).  The exhaustion and preclusion rules therefore coalesce into the procedural default of these claims for purposes of federal habeas review.  *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

Mosely does not attempt to assert any ground as cause excusing the procedural default of the ineffective-assistance-of-counsel claims in his amendment that relate back to claims in his original petition, and his argument that the actual-innocence exception should operate as a gateway to review of his defaulted claims is unavailing because he points to no new reliable evidence of his factual innocence.  Instead he merely makes a conclusory assertion of his innocence or else argues the sufficiency of the evidence presented at trial. For this reason, the actual-innocence exception also does not operate as a gateway to review of the time-barred claims in Mosely's amendment to his § 2254 petition.

---

Cir. 1999).  The burden of proving circumstances that justify the application of equitable tolling "rests squarely on the petitioner."  *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Because all claims in Mosely's amendment are either time-barred or procedurally defaulted, and because Mosely fails to establish cause for his procedural default and fails to make a colorable showing of actual innocence as a gateway to review of his time-barred and defaulted claims, none of the claims in Mosely's amendment are subject to federal habeas review.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) be DENIED without an evidentiary hearing and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **April 30, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of April, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE